**FILED** NF

AUG 3 0 2007
AUG. 30, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

`IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JULIE PADGETT, as Special Administrator of the
Estate of PEARLIE MAE PADGETT, Deceased,

                     Plaintiff,

vs.

MANORCARE HEALTH SERVICES, INC., an
Illinois Corporation, Individually and d/b/a
MANORCARE AT PALOS HEIGHTS WEST,
UNKNOWN AGENTS, SERVANTS AND/OR
EMPLOYEES OF THE ABOVE-NAMED
DEFENDANT,

                   Defendant(s).

07CV 4918

JUDGE LEINENWEBER

MAGISTRATE JUDGE KEYS

JURY DEMAND

## NOTICE OF REMOVAL

NOW COMES, the Defendant, MANORCARE HEALTH SERVICES, INC., by and through its attorneys McVEY & PARSKY, LLC, and pursuant to 28 U.S.C. §1332, 1441 and 1446, files this Notice of Removal to the United States District Court for the Northern District of Illinois, from the Circuit Court of the Cook County, Illinois, where the action is currently pending, and states that:

1.     The plaintiff filed a Complaint with the Circuit Court of the Cook County, Illinois on July 24, 2007. She subsequently filed an Amended Complaint on July 27, 2007. Copies of the Complaint and the Amended Complaint are attached hereto and incorporated herein and identified as Exhibits 1 and 2.

2.     This Defendant was served with a copy of the Complaint on August 2, 2007. A copy of the proof of service is attached as Exhibit 3.

3.    On August 29, 2007 this Defendant filed its appearance, its responsive pleadings, and discovery directed to the Plaintiff. Copies of said documents are attached as Exhibits 4, 5 and 6.

4.    The Defendant is a Delaware corporation with its principle place of business in Toledo, Ohio. See Exhibit 7, the Affidavit of Terry Wilson. The Plaintiff is not a resident of the State of Ohio.

5.    The Plaintiff's Complaint and Amended Complaint seeks recovery for various injuries and is seeking damages substantially in excess of the jurisdictional limit of the Circuit Court of Cook County. It is reasonable to assume that the sum in controversy exceeds $75,000, exclusive of interest and costs.

6.    This Court has original jurisdiction of this action, pursuant to 28 U.S.C. § 1332, and removal of the action from state court is proper pursuant to 28 U.S.C. §1441(a)

7.    This Notice of Removal was filed within thirty (30) days of the date of service.

8.    Written Notice of the Removal has been provided to Plaintiff's counsel and to the Clerk of the Circuit Court of Cook County, Illinois in compliance with 28 U.S.C. §1446(b).

8.    A copy of the process, pleadings and orders served upon this Defendant in the above captioned matter are attached hereto and identified as Exhibits 1 though 6.

WHEREFORE, the Defendant, MANORCARE HEALTH SERVICES, INC., incorrectly sued as MANORCARE HEALTH SERVICES, d/b/a MANORCARE AT PALOS HEIGHTS WEST respectfully requests that this action proceed in the United

2

States District Court for the Northern District of Illinois, Eastern Division as an action properly removed from the State Court of Illinois.

Respectfully submitted,

MANORCARE HEALTH SERVICES, INC.

BY: _____

D. Timothy McVey (#6182134)
One of its attorneys

McVEY & PARSKY, LLC
30 North LaSalle Street
Suite 2100
Chicago, IL 60602
Phone: 312/551-2130
Fax: 312/551-2131

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to: **Steven J. Malman, Law Offices of Steven J. Malman & Associates P.C., 205 West Randolph Street, Suite 1040, Chicago, IL 60606,** by regular mail on August 30 , 2007.

McVEY & PARSKY, LLC
Attorney for Defendant
30 North LaSalle Street
Suite 2100
Chicago, IL 60602
Tel: (312) 551-2130
Fax: (312) 551-2131

By: _____

D. Timothy McVey
Illinois Bar #6182134

3

# EXHIBIT 1

#31555

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARMENT, LAW DIVISION

JULIE PADGETT, as Special Administrator of the )
Estate of PEARLIE MAE PADGETT, Deceased,    )
                                            )
                    Plaintiff(s),           )
                                            )   NO.   2007L007678
                                            )         CALENDAR/ROOM  C
vs.                                         )         TIME  00:00
                                            )         PI  Other
MANORCARE HEALTH SERVICES, INC., an )
Illinois Corporation, Individually and d/b/a )
MANORCARE AT PALOS HEIGHTS WEST, and )
UNKNOWN AGENTS, SERVANTS AND/OR )
EMPLOYEES OF THE ABOVE-NAMED )
DEFENDANT.                                   )
                                            )
                    Defendant(s).           )

**COMPLAINT AT LAW**

**COUNT I**
**NURSING HOME CARE ACT/SURVIVAL**

NOW COME the Plaintiffs, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased,, by and through the LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for its complaint against MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, and pleading both in the alternative and hypothetical, states as follows:

1.    That on and before January 26, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, was the owner, licensee, and operator of the long-term care facility known as Manorcare at Palos Heights West, located at 11860 Southwest Highway in the City of Palos Heights, County of Cook, State of Illinois, and was subject to the provisions of the Nursing Home Care Act, 210 ILCS 45/1-101, *et seq.,* (hereinafter, the "Act").



2.     That on and before January 26, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST was a "facility" as defined by 45/1-113 of the Act and was subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the Act.

3.     That on and before January 26, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST were subject to the requirements of 42 U.S.C. sec. 1396r (1990) *et seq.* as amended by the Omnibus Budget Reconciliation Act of 1987("OBRA").

4.     That on and before January 26, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST was subject to the requirements of Volume 42, Code of Federal Regulations, Part 483 setting forth Medicare and Medicaid Requirements for Long Term Facilities ("OBRA REGLATIONS"), as effective on October 1, 1990.

5.     That on and before January 26, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST provided its residents with medical and nursing care and other daily living assistance, by staffing and employing physicians, nurses and other health care professionals.

6.     That on and before January 26, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST and its owners, officers, employees and agents was under a statutory obligation not to violate the rights of any resident of the facility including the obligation not to abuse or neglect any resident as provided by the ACT as follows:

> a.  An owner, licensee, administrator, employee or agent of a facility shall not abuse or neglect a resident  (210 ILCS 45/2-107);
>
> b.  "Abuse" means any physical or health injury…inflicted on a resident other than by accidental means in a facility. (210 ILCS 45/1-103); and

    c. "Neglect" means a failure in a facility to provide adequate medical or personal care or maintenance, which failure results in physical or health injury to a resident or in the deterioration of a resident's physical or health condition. (210 ILCS 45/1-117).

7.    That on and before January 26, 2007, and at all times material, PEARLIE MAE PADGETT, Decedent, was a person residing in and receiving personal care from Defendant's facility.

8.    That on said date, it was the duty of Defendant and Defendant's agents and employees to refrain from neglecting Plaintiff pursuant to the Act at 210 ILCS 45/2-107.

9.    That on that same date, Defendant, through its employees and agents, violated its duty to Plaintiff by committing the following acts and/or omissions:

    a.  That Defendant failed to provide adequate medical care, within the meaning of 210 ILCS 45/1-117 to the Plaintiff's Decedent, PEARLIE MAE PADGETT, that lead to her physical deterioration and death;

    b.  That Defendant failed to provide adequate personal care, within the meaning of 210 ILCS 45/1-117 to the Plaintiff's Decedent, PEARLIE MAE PADGETT, that lead to her physical deterioration and death,

    c.  That Defendant failed to provide adequate maintenance, within the meaning of 210 ILCS 45/1-117 to the Plaintiff's Decedent, PEARLIE MAE PADGETT, that lead to her physical deterioration and death, and;

    d.  That the Defendant neglected Plaintiff's Decedent, PEARLIE MAE PADGETT, within the meaning of 210 ILCS 45/1-117, that lead to her physical deterioration and death.

10.    That as a direct and proximate result of Defendant's violation of its duty as aforesaid, Plaintiff's Decedent, PEARLIE MAE PADGETT, overdosed on medication.

11.    That as a direct and proximate result of the aforesaid, Plaintiff suffered serious injuries of a personal and pecuniary nature including but not limited to great pain and suffering, medical expenses, and her family incurred funeral expenses.

12.    That the *NURSING HOME CARE ACT*, as amended, provides that the "licensee shall pay the actual damages and costs and attorney's fees to a facility resident

3

whose rights, as specified in Part I of Article II of this Act, are violated. "210 ILCS 45/3-602.;

13.     That the **NURSING HOME CARE ACT**, as amended, provides that the "owner and licensee are liable to a resident for any intentional or negligent act or omission of their agency or employee which injures the resident." "210 ILCS 45/3-601.

14.     That Plaintiff, JULIE PADGETT was appointed Special Administrator of the Estate of PEARLIE MAE PADGETT by the Circuit Court of Cook County, Illinois.

15.     That Plaintiff, JULIE PADGETT, brings this cause of action on behalf of the Estate of PEARLIE MAE PADGETT, Deceased, pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act of Illinois.

WHEREFORE, Plaintiff, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased, prays for judgment against Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, in an amount necessary to compensate them fully and fairly for all losses compensable under the Act, including costs and attorneys' fees, pursuant to 210 ILCS 45/3-601 and 210 ILCS 45/3-602, in an amount in excess of the jurisdictional limits of this court.

## COUNT II
## WRONGFUL DEATH

NOW COME the Plaintiffs, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased,, by and through the LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for its complaint against MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, and pleading both in the alternative and hypothetical, states as follows:

1.     That on and before January 26, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, was the owner, licensee, and operator of the long-term care facility known as Manorcare at Palos Heights West,

4

located at 11860 Southwest Highway in the City of Palos Heights, County of Cook, State of Illinois.

2.      That on and before January 26, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, provided its residents with medical and nursing care and other daily living assistance, by staffing and employing physicians, nurses and other health care professionals.

3.      That on and before January 26, 2007, and at all times material, Plaintiff's Decedent, PEARLIE MAE PADGETT, was a person residing in and receiving personal care from Defendant's facility.

4.      That on said date, it was the duty of Defendant and Defendant's agents and employees to treat the Plaintiff's Decedent with reasonable care.

5.      That on that same date, Defendant, through its employees and agents, violated their duty to Plaintiff's Decedent by committing the following acts and/or omissions:

      a.   That Defendant failed to properly assess the Plaintiff's Decedent;

      b.   That Defendant failed to document and provide a plan of care;

      c.   That Defendant failed to properly follow the plan of care and follow doctor's orders;

      d.   That Defendant failed to follow its own policy and procedure manual;

      e.   That Defendant failed to hire sufficient number of trained and competent staff;

      f.   That Defendant's facility was understaffed;

      g.   That Defendant failed to supervise the management of the facility;

      h.   That Defendant failed to notify the physician in a timely manner;

      i.   That Defendant failed to send the Plaintiff's Decedent for medical treatment in a timely manner when they knew or should have known the Plaintiff's Decedent overdosed on medication;

j.  That Defendant failed to provide adequate medical care to the Plaintiff's Decedent which lead to her physical deterioration and death;

k.  That Defendant failed to provide adequate personal care to the Plaintiff's Decedent which lead to her physical deterioration and death,

l.  That Defendant failed to provide adequate maintenance to the Plaintiff's Decedent which lead to his physical deterioration and death; and,

m. That the Defendant neglected Plaintiff's Decedent by providing her with an overdose of medication which led to her physical deterioration and death.

6.  That as a direct and proximate result of Defendant's violation of its duty as aforesaid, Plaintiff's Decedent, PEARLIE MAE PADGETT, overdosed on medication and died on January 26, 2007 at Palos Heights Community Hospital in Cook County, Illinois.

7.  That as a direct and proximate result of the aforesaid, Plaintiff suffered serious injuries of a personal and pecuniary nature including but not limited to great pain and suffering, medical expenses, and her family incurred funeral expenses.

8.  That Plaintiff, JULIE PADGETT was appointed Special Administrator of the Estate of PEARLIE MAE PADGETT by the Circuit Court of Cook County, Illinois.

9.  That a cause of action for Wrongful Death under 740 ILCS 180/1 has accrued to the estate of the deceased, PEARLIE MAE PADGETT, for the benefit of her heirs suffering pecuniary loss.

WHEREFORE, Plaintiff, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased, prays for judgment against Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for such relief as this court deems just

LAW OFFICES OF STEVEN J. MALMAN
& ASSOCIATES, P.C.

_____
Attorney for Plaintiff(s)

6

LAW OFFICES OF STEVEN J. MALMAN
& ASSOCIATES, P.C., #31555
205 West Randolph Street
Suite 1040
Chicago, Illinois 60606
(312) 629-0099

#31555

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARMENT, LAW DIVISION

JULIE PADGETT, as Special Administrator of the )
Estate of PEARLIE MAE PADGETT, Deceased, )
                                                   )
                Plaintiff(s), )
                                                   )    NO.

vs. )
                                                   )

MANORCARE HEALTH SERVICES, INC., an )
Illinois Corporation, Individually and d/b/a )
MANORCARE AT PALOS HEIGHTS WEST, and )
UNKNOWN AGENTS, SERVANTS AND/OR )
EMPLOYEES OF THE ABOVE-NAMED )
DEFENDANT. )
                                                   )
                Defendant(s). )

## AFFIDAVIT

I, having come to be sworn duly under oath, hereby state and affirm as follows:

1.    That I am the attorney for the plaintiff in this matter.

2.    That based upon my investigation and knowledge of this case plaintiff is seeking money damages in excess of $50,000.00, further affiant sayeth not.

LAW OFFICES OF STEVEN J. MALMAN
& ASSOCIATES, P.C.

Attorney for Plaintiff(s)

SUBSCRIBED AND SWORN TO
before me this _21_ day
of _July_ , 20**07**

Notary Public

Official Seal
Christine M. Hecquist
Notary Public State of Illinois
My Commission Expires 04/24/09

8

# EXHIBIT 2

#31555

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARMENT, LAW DIVISION

JULIE PADGETT, as Special Administrator of the )
Estate of PEARLIE MAE PADGETT, Deceased, )
               )
       Plaintiff(s), )
               )   NO.   07 L 7678
vs.                )
               )
MANORCARE HEALTH SERVICES, INC., an )
Illinois Corporation, Individually and d/b/a )
MANORCARE AT PALOS HEIGHTS WEST, and )
UNKNOWN AGENTS, SERVANTS AND/OR )
EMPLOYEES OF THE ABOVE-NAMED )
DEFENDANT.            )
               )
       Defendant(s).    )

## FIRST AMENDED COMPLAINT AT LAW

### COUNT I
### NURSING HOME CARE ACT/SURVIVAL

   NOW COME the Plaintiffs, JULIE PADGETT, as Special Administrator of the
Estate of PEARLIE MAE PADGETT, Deceased,, by and through the LAW OFFICES
OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for its complaint against
MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and
d/b/a MANORCARE AT PALOS HEIGHTS WEST, and pleading both in the alternative
and hypothetical, states as follows:

   1.  That on and after January 15, 2007 and at all times material, Defendant,
MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and
d/b/a MANORCARE AT PALOS HEIGHTS WEST, was the owner, licensee, and
operator of the long-term care facility known as Manorcare at Palos Heights West,
located at 11860 Southwest Highway in the City of Palos Heights, County of Cook, State
of Illinois, and was subject to the provisions of the Nursing Home Care Act, 210 ILCS
45/1-101, *et seq.,* (hereinafter, the "Act").



DEFENDANT'S EXHIBIT 2

2.     That on and before January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST was a "facility" as defined by 45/1-113 of the Act and was subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the Act.

3.     That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST were subject to the requirements of 42 U.S.C. sec. 1396r (1990) *et seq.* as amended by the Omnibus Budget Reconciliation Act of 1987("OBRA").

4.     That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST was subject to the requirements of Volume 42, Code of Federal Regulations, Part 483 setting forth Medicare and Medicaid Requirements for Long Term Facilities ("OBRA REGLATIONS"), as effective on October 1, 1990.

5.     That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST provided its residents with medical and nursing care and other daily living assistance, by staffing and employing physicians, nurses and other health care professionals.

6.     That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST and its owners, officers, employees and agents was under a statutory obligation not to violate the rights of any resident of the facility including the obligation not to abuse or neglect any resident as provided by the ACT as follows:

> a.  An owner, licensee, administrator, employee or agent of a facility shall not abuse or neglect a resident  (210 ILCS 45/2-107);
>
> b.  "Abuse" means any physical or health injury...inflicted on a resident other than by accidental means in a facility. (210 ILCS 45/1-103); and

2

    c. "Neglect" means a failure in a facility to provide adequate medical or personal care or maintenance, which failure results in physical or health injury to a resident or in the deterioration of a resident's physical or health condition. (210 ILCS 45/1-117).

7.    That on and after January 15, 2007, and at all times material, PEARLIE MAE PADGETT, Decedent, was a person residing in and receiving personal care from Defendant's facility.

8.    That on said date, it was the duty of Defendant and Defendant's agents and employees to refrain from neglecting Plaintiff pursuant to the Act at 210 ILCS 45/2-107.

9.    That from January 15, 2007, to January 25, 2007, Defendant, through its employees and agents, violated its duty to Plaintiff by committing the following acts and/or omissions:

    a.  That Defendant failed to provide adequate medical care, within the meaning of 210 ILCS 45/1-117 to the Plaintiff's Decedent, PEARLIE MAE PADGETT, that lead to her physical deterioration and death;

    b.  That Defendant failed to provide adequate personal care, within the meaning of 210 ILCS 45/1-117 to the Plaintiff's Decedent, PEARLIE MAE PADGETT, that lead to her physical deterioration and death,

    c.  That Defendant failed to provide adequate maintenance, within the meaning of 210 ILCS 45/1-117 to the Plaintiff's Decedent, PEARLIE MAE PADGETT, that lead to her physical deterioration and death, and;

    d.  That the Defendant neglected Plaintiff's Decedent, PEARLIE MAE PADGETT, within the meaning of 210 ILCS 45/1-117, that lead to her physical deterioration and death.

    e.  That the Defendant neglected Plaintiff's Decedent, PEARLIE MAE PADGETT, within the meaning of 210 ILCS 45/1-117, by failing to review medication orders that lead to her physical deterioration and death.

    f.  That the Defendant neglected Plaintiff's Decedent, PEARLIE MAE PADGETT, within the meaning of 210 ILCS 45/1-117, by failing to monitor appropriate antipsychotic medications and dosages that lead to her physical deterioration and death.

3

g. That the Defendant neglected Plaintiff's Decedent, PEARLIE MAE PADGETT, within the meaning of 210 ILCS 45/1-117, by failing to report to a physician her deteriorating physical condition and other symptoms resulting in death.

10. That as a direct and proximate result of Defendant's violation of its duty as aforesaid, Plaintiff's Decedent, PEARLIE MAE PADGETT, received 5 mg. of Risperdal, twice daily, from January 16, 2007, through January 25, 2007, said overdosage of medication leading directly to her death on February 4, 2007.

11. That as a direct and proximate result of the aforesaid, Plaintiff suffered serious injuries of a personal and pecuniary nature including but not limited to great pain and suffering, medical expenses, and her family incurred funeral expenses.

12. That the **NURSING HOME CARE ACT**, as amended, provides that the "licensee shall pay the actual damages and costs and attorney's fees to a facility resident whose rights, as specified in Part I of Article II of this Act, are violated. "210 ILCS 45/3-602.;

13. That the **NURSING HOME CARE ACT**, as amended, provides that the "owner and licensee are liable to a resident for any intentional or negligent act or omission of their agency or employee which injures the resident." "210 ILCS 45/3-601.

14. That Plaintiff, JULIE PADGETT was appointed Special Administrator of the Estate of PEARLIE MAE PADGETT by the Circuit Court of Cook County, Illinois.

15. That Plaintiff, JULIE PADGETT, brings this cause of action on behalf of the Estate of PEARLIE MAE PADGETT, Deceased, pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act of Illinois.

WHEREFORE, Plaintiff, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased, prays for judgment against Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, in an amount necessary to compensate them fully and fairly for all losses compensable under the Act, including costs and attorneys' fees, pursuant to 210 ILCS 45/3-601 and 210 ILCS 45/3-602, in an amount in excess of the jurisdictional limits of this court.

4

## COUNT II
## WRONGFUL DEATH

NOW COME the Plaintiffs, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased,, by and through the LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for its complaint against MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, and pleading both in the alternative and hypothetical, states as follows:

1.      That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, was the owner, licensee, and operator of the long-term care facility known as Manorcare at Palos Heights West, located at 11860 Southwest Highway in the City of Palos Heights, County of Cook, State of Illinois.

2.      That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, provided its residents with medical and nursing care and other daily living assistance, by staffing and employing physicians, nurses and other health care professionals.

3.      That on and after January 15, 2007, and at all times material, Plaintiff's Decedent, PEARLIE MAE PADGETT, was a person residing in and receiving personal care from Defendant's facility.

4.      That on said date, it was the duty of Defendant and Defendant's agents and employees to treat the Plaintiff's Decedent with reasonable care.

5.      That from January 15, 2007, to January 25, 2007, Defendant, through its employees and agents, violated their duty to Plaintiff's Decedent by committing the following acts and/or omissions:

    a.  failed to provide adequate medical care that lead to her physical deterioration and death;

    b.  failed to review medication orders that led to her physical deterioration and death;

5

c. failed to monitor appropriate antipsychotic medications and dosages that lead to her physical deterioration and death;

d. failed to review new medication orders that led to her physical deterioration and death;

e. failed to notify a physician in a timely manner of her deteriorating physical condition and other symptoms resulting in death.

f. failed to send the Plaintiff's Decedent for medical treatment in a timely manner when they knew or should have known the Plaintiff's Decedent overdosed on medication;

g. failed to provide adequate medical care to the Plaintiff's Decedent which lead to her physical deterioration and death;

h. failed to provide adequate personal care to the Plaintiff's Decedent which lead to her physical deterioration and death,

i. provided her with an overdose of medication which led to her physical deterioration and death.

6.      That as a direct and proximate result of Defendant's violation of its duty as aforesaid, Plaintiff's Decedent, PEARLIE MAE PADGETT, received 5 mg. of Risperdal, twice daily, from January 16, 2007, through January 25, 2007, said overdosage of medication leading directly to her death on February 4, 2007.

7.      That as a direct and proximate result of the aforesaid, Plaintiff suffered serious injuries of a personal and pecuniary nature including but not limited to great pain and suffering, medical expenses, and her family incurred funeral expenses.

8.      That Plaintiff, JULIE PADGETT was appointed Special Administrator of the Estate of PEARLIE MAE PADGETT by the Circuit Court of Cook County, Illinois.

9.      That a cause of action for Wrongful Death under 740 ILCS 180/1 has accrued to the estate of the deceased, PEARLIE MAE PADGETT, for the benefit of her heirs suffering pecuniary loss and all other damages allowed for under said statute.

WHEREFORE, Plaintiff, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased, prays for judgment against Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for such relief as this court deems just

LAW OFFICES OF STEVEN J. MALMAN
& ASSOCIATES, P.C.

Attorney for Plaintiff(s)

LAW OFFICES OF STEVEN J. MALMAN
& ASSOCIATES, P.C., #31555
205 West Randolph Street
Suite 1040
Chicago, Illinois 60606
(312) 629-0099

7

# EXHIBIT 3

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
08/02/2007
Log Number 512460138

HCR MANOR CARE
Received

AUG − 6 2007

LEGAL DEPARTMENT

**TO:** John Benavides, Sr. Attorney
HCR-ManorCare
333 N Summit St
Toledo, OH, 43604

**RE:** **Process Served in Illinois**

**FOR:** ManorCare Health Services, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Julie Padgett, etc., Pltf. vs. Manorcare Health Services, Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Affidavit(s) |
| **COURT/AGENCY:** | Cook County Circuit Court - Cook County Department - Law Division, IL Case # 2007L007678 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - Wrongful Death - Manorcare Health Service Inc. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/02/2007 at 11:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Law Offices of Steven J. Malman 205 West Randolph Street Suite 1040 Chicago, IL, 60606 312-629-0099 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790306347630 Image SOP - Page(s): 10 Email Notification, Joy Donley JDONLEY@HCR-MANORCARE.COM |
| **SIGNED:** | C T Corporation System |
| **PER:** | Tawana Carter |
| **ADDRESS:** | 208 South LaSalle Street Suite 814 Chicago, IL, 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of 1 / PJ

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting
taking appropriate action. Signatures
confirm receipt of the package only, n



**DEFENDANT'S
EXHIBIT
3**

2120 - Served
2220 - Not Served
2320 - Served by Mail
2420 - Served by Publication
SUMMONS

2121 - Served
2221 - Not Served
2321 - Served by Mail
2421 - Served by Publication
ALIAS SUMMONS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JULIE PADGETT, as Special Administrator of the
Estate of PEARLIE MAE PADGETT, Deceased,

                              Plaintiff(s),

vs.

MANORCARE HEALTH SERVICES, INC., an
Illinois Corporation, Individually and d/b/a
MANORCARE AT PALOS HEIGHTS WEST, and
UNKNOWN AGENTS, SERVANTS AND/OR
EMPLOYEES OF THE ABOVE-NAMED
DEFENDANT.

                              Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)

2007L007678
CALENDAR/ROOM C
TIME 00:00
NO.        PI Other

**PLEASE SERVE:**

Manorcare Health Services, Inc.
through its registered agent
C T Corporation System
208 South LaSalle, Ste. 814
Chicago, IL 60604

## SUMMONS

TO EACH DEFENDANT:

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room* 801 Chicago, Illinois 60602), within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED FOR IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, JUL 2 4 2007

..............................................
Clerk of the Court

Law Offices of Steven J. Malman
& Associates, P.C.
Attorney for Plaintiff(s)
205 West Randolph St., Ste. 1040
Chicago, IL 60606
(312) 629-0099
#31555       Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois

Date of Service_____
(To be inserted by officer on copy left with
 defendant or other person)

# EXHIBIT 4

11506 DTM MC

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

|  |  |
|---|---|
| JULIE PADGETT, as Special Administrator of the ) Estate of PEARLIE MAE PADGETT, Deceased, ) ) Plaintiff, ) vs. ) ) MANORCARE HEALTH SERVICES, INC., an ) Illinois Corporation, Individually and d/b/a ) MANORCARE AT PALOS HEIGHTS WEST, ) UNKNOWN AGENTS, SERVANTS AND/OR ) EMPLOYEES OF THE ABOVE-NAMED ) DEFENDANT, ) ) Defendant(s). ) | Case No. 07 L 7678 |

## APPEARANCE & JURY DEMAND

The undersigned, as attorney, enters the appearance of Defendants:

### MANORCARE HEALTH SERVICES, INC.

\*This Defendant hereby demands trial by jury.

_____
D. Timothy McVey

McVEY & PARSKY, LLC
30 N. LaSalle Street
Suite 2100
Chicago IL 60606
Phone: 312/551-2130
Fax:    312/551-2131
Firm No. 39907

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

_____
Attorney for Defendant

**DEFENDANT'S EXHIBIT 4**

# EXHIBIT 5

11506 DTM MC

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JULIE PADGETT, as Special Administrator of the )
Estate of PEARLIE MAE PADGETT, Deceased, )
                                )
                Plaintiff, )
vs.                               )     Case No. 07 L 7678
                                  )
MANORCARE HEALTH SERVICES, INC., an )
Illinois Corporation, Individually and d/b/a )
MANORCARE AT PALOS HEIGHTS WEST, )
UNKNOWN AGENTS, SERVANTS AND/OR )
EMPLOYEES OF THE ABOVE-NAMED )
DEFENDANT, )
                                  )
               Defendant(s). )

## DEFENDANT, MANORCARE HEALTH SERVICES, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Defendant, MANORCARE HEALTH SERVICES, INC., by

and through its attorneys, McVEY & PARSKY, LLC, and for its Answer to Plaintiff's

First Amended Complaint at Law, states as follows:

### FIRST AMENDED COMPLAINT AT LAW

### COUNT I
### NURSING HOME CARE ACT/SURVIVAL

NOW COME the Plaintiffs, JULIE PADGETT, as Special Administrator of the
Estate of PEARLIE MAE PADGETT, Deceased,; by and through the LAW OFFICES
OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for its complaint against
MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and
d/b/a MANORCARE AT PALOS HEIGHTS WEST, and pleading both in the alternative
and hypothetical, states as follows:

1. That on and after January 15, 2007 and at all times material, Defendant,
MANORCARE HEALTH SERVICES, INC., an Illinois Corporation; Individually and
d/b/a MANORCARE AT PALOS HEIGHTS WEST, was the owner, licensee, and
operator of the long-term care facility known as Manorcare at Palos Heights West,
located at 11860 Southwest Highway in the City of Palos Heights, County of Cook, State
of Illinois, and was subject to the provisions of the Nursing Home Care Act, 210 ILCS
45/1-101, et. seq., (hereinafter, the "Act").

DEFENDANT'S EXHIBIT 5

**ANSWER:** This Defendant will admit that it owned, operated and was the licensee of the long term care facility referenced and that it was subject to certain provisions of the Nursing Home Care Act at the time referenced. This Defendant denies the remaining allegations of Paragraph 1.

2.  That on and before January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST was a "facility" as defined by 45/1-113 of the Act and was subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the Act.

**ANSWER:** This Defendant will admit that at the time referenced it was a facility as defined by the provision of the Act quoted and was subject to certain requirements of the Act and certain regulations of the Illinois Department of Public Health. This Defendant denies the remaining allegations of Paragraph 2.

3.  That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST were subject to the requirements of 42 U.S.C. sec. 1396r (1990) et seq. as amended by the Omnibus Budget Reconciliation Act of 1987 ("OBRA").

**ANSWER:** This Defendant denies the allegations of Paragraph 3 in that they reference a federal statute that does not provide for a private cause of action and does not establish a standard of care. This Defendant would move to dismiss the allegations of Paragraph 3.

4.  That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES. INC., an Illinois Corporation, individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST was subject to the requirements of Volume 42, Code of Federal Regulations, Part 483 setting forth Medicare and Medicaid Requirements for Long Term Facilities ("OBRA REGULATIONS"), as effective on October 1, 1990.

**ANSWER:** This Defendant denies the allegations of Paragraph 4 in that they reference a federal statute that does not provide for a private cause of action and does not establish a standard of care. This Defendant would move to dismiss the allegations of Paragraph 4.

5.      That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST provided its residents with medical and nursing care and other daily living assistance, by staffing and employing physicians, nurses and other health care professionals.

> **ANSWER:**   **This Defendant will admit that on the date referenced it provided residents at its facility with nursing home care and denies the remaining allegations of Paragraph 5 including, but not limited to, the employment of physicians.**

6.      That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES; INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST and its owners, officers, employees and agents was under a statutory obligation not to violate the rights of any resident of the facility including the obligation not to abuse or neglect any resident as provided by the ACT as follows:

> a.      An owner, licensee, administrator, employee or agent of a facility shall not abuse or neglect a resident (210 ILCS 45/2-107);
>
> b.      "Abuse" means any physical or health injury...inflicted on a resident other than by accidental means in a facility. (210 ILCS 45/1-103); and
>
> c.      "Neglect" means a failure in a facility to provide adequate medical or personal care or maintenance, which failure results in physical or health injury to a resident or in the deterioration of a resident's physical or health condition. (210 ILCS 45/1-117).

> **ANSWER:**   **This Defendant will admit to all statutory duties imposed by law and denies the allegations of Paragraph 6 to the extent that they imply that this Defendant had statutory duties not imposed by law.  Defendant will also admit the allegations of subparagraphs (a), (b) and (c) to the extent that they accurately quote or paraphrase the statutes referenced.  This Defendant would deny the allegations of subparagraphs (a), (b) and (c) to the extent that they misquote or inaccurately paraphrase the statutes referenced. Further answering, this Defendant denies that the statutes in question are applicable and denies any breach of said statutes and further denies the remaining allegations of Paragraph 6.**

7.      That on and after January 15, 2007, and at all times material, PEARLIE MAE PADGETT, Decedent, was a person residing in and receiving personal care from Defendant's facility.

3

**ANSWER:** **This Defendant will admit that Pearlie Mae Padgett was a resident of its facility at various times, but denies the remaining allegations contained in Paragraph 7.**

8. That on said date, it was the duty of Defendant and Defendant's agents and employees to refrain from neglecting Plaintiff pursuant to the Act at 210 ILCS 45/2 107.

**ANSWER:** **This Defendant will admit to all duties imposed by law and denies the allegations of Paragraph 8 to the extent that they imply that this Defendant had duties not imposed by law.**

9. That from January 15, 2007, to January 25, 2007, Defendant, through its employees and agents, violated its duty to Plaintiff by committing the following acts and/or omissions:

a. That Defendant failed to provide adequate medical care, within the meaning of 210 ILCS 45/1-117 to the Plaintiffs Decedent, PEARLIE MAE PADGETT, that lead to her physical deterioration and death;

b. That Defendant failed to provide adequate personal care, within the meaning of 210 ILCS 45/1-117 to the Plaintiffs Decedent, PEARLIE MAE PADGETT, that lead to her physical deterioration and death.

c. That Defendant failed to provide adequate maintenance, within the meaning of 210 ILCS 45/1-117 to the Plaintiffs Decedent., PEARLIE MAE PADGETT, that lead to her physical deterioration and death, and;

d. That the Defendant neglected Plaintiffs Decedent, PEARLIE MAE PADGETT, within the meaning of 210 ILCS 45/1-117, that lead to her physical deterioration and death.

e. That the Defendant neglected Plaintiff's Decedent, PEARLIE MAE PADGETT, within the meaning of 210 ILCS 45/1-117, by failing to review medication orders that lead to her physical deterioration and death.

f. That the Defendant neglected Plaintiffs Decedent, PEARLIE MAE PADGETT, within the meaning of 210 ILCS 45/1 -117, by failing to monitor appropriate antipsychotic medications and dosages that lead to her physical deterioration and death.

4

g.    That the Defendant neglected Plaintiff's Decedent, PEARLIE MAE PADGETT, within the meaning of 210 ILCS 45/1-117, by failing to report to a physician her deteriorating physical condition and other symptoms resulting in death.

**ANSWER:**    **This Defendant denies the allegations of Paragraph 9, including the allegations contained in all of its subparagraphs.**

10.    That as a direct and proximate result of Defendant's violation of its duty as aforesaid, Plaintiffs Decedent, PEARLIE MAE PADGETT, received 5 mg. of Risperdal, twice daily, from January 16, 2007, through January 25, 2007, said overdosage of medication leading directly to her death on February 4, 2007.

**ANSWER:**    **This Defendant denies the allegations of Paragraph 10.**

11.    That as a direct and proximate result of the aforesaid, Plaintiff suffered serious injuries of a personal and pecuniary nature including but not limited to great pain and suffering, medical expenses, and her family incurred funeral expenses.

**ANSWER:**    **This Defendant denies the allegations of Paragraph 10.**

12.    That the NURSING HOME CARE ACT, as amended, provides that the "licensee shall pay the actual damages and costs and attorney's fees to a facility resident whose rights, as specified in Part I of Article II of this Act, are violated. "210 ILCS 45/3-602."

**ANSWER:**    **This Defendant states that the statute speaks for itself and to the extent that the allegations of Paragraph 12 misquote or inaccurately paraphrase the wording of the statute, those allegations are denied. This Defendant would further state that the statute in question is inapplicable and that there was no breach of any such statute.**

13.    That the NURSING HOME CARE ACT, as amended, provides that the "owner and licensee are liable to a resident for any intentional or negligent act or omission of their agency or employee which injures the resident" "210 ILCS 45/3-601."

**ANSWER:**    **This Defendant states that the statute speaks for itself and to the extent that the allegations of Paragraph 13 misquote or inaccurately paraphrase the wording of the statute, those allegations are denied. This Defendant would further state that the statute in question is inapplicable and that there was no breach of any such statute.**

14.     That Plaintiff, JULIE PADGETT was appointed Special Administrator of the Estate of PEARLIE MAE PADGETT by the Circuit Court of Cook County, Illinois.

**ANSWER:     This Defendant will admit the allegations of Paragraph 14.**

15.     That Plaintiff, JULIE PADGETT, brings this cause of action on behalf of the Estate of PEARLIE MAE PADGETT, Deceased, pursuant to 755 ILCS 5/27-6. commonly known as the Survival Act of Illinois.

**ANSWER:     This Defendant will admit that the Plaintiff claims to be bringing this action pursuant to the statute quoted, but this Defendant denies the statute's applicability and denies any breach of said statute.**

WHEREFORE, Plaintiff, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased, prays for judgment against Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, in an amount necessary to compensate them fully and fairly for all losses compensable under the Act, including costs and attorneys' fees, pursuant to 210 ILCS 45/3-601 and 210 ILCS 45/3-602, in an amount in excess of the jurisdictional limits of this court.

**ANSWER:     Defendant, MANORCARE HEALTH SERVICES, INC., denies that the Plaintiff is entitled to a judgment in any sum whatsoever.**

## COUNT II
## WRONGFUL DEATH

NOW COME the Plaintiffs, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased,, by and through the LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for its complaint against MANORCARE HEALTH SERVICES, INC., an Illinois Corporation. Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, and pleading both in the alternative and hypothetical, states as follows:

1.     That on and after January 15, 2007 and at all times material, Defendant, MA]. MANORCARE HEALTH SERVICES. INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, was the owner, licensee, and operator of the long-term care facility known as Manorcare at Palos Heights West. located at 11860 Southwest Highway in the City of Palos Heights, County of Cook, State of Illinois.

2.     That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and

d/b/a MANORCARE AT PALOS HEIGHTS `WEST, provided its residents with medical and nursing care and other daily living assistance, by staffing and employing physicians, nurses and other health care professionals.

     3.     That on and after January 15, 2007, and at all times material, Plaintiffs Decedent, PEARLIE MAE PADGETT, was a person residing in and receiving personal care from Defendant's facility.

     4.     That on said date, it was the duty of Defendant and Defendant's agents and employees to treat the Plaintiffs Decedent with reasonable care.

     5.     That from January 15, 2007, to January 25, 2007, Defendant, through its employees and agents, violated their duty to Plaintiffs Decedent by committing the following acts and/or omissions:

a.     failed to provide adequate medical care that lead to her physical deterioration and death:

b.     failed to review medication orders that led to her physical deterioration and death;

c.     failed to monitor appropriate antipsychotic medications and dosages that lead to her physical deterioration and death;

d.     failed to review new medication orders that led to her physical deterioration and death;

e.     failed to notify a physician in a timely manner of her deteriorating physical condition and other symptoms resulting in death.

f.     failed to send the Plaintiffs Decedent for medical treatment in a timely manner when they knew or should have known the Plaintiff s Decedent overdosed on medication;

g.     failed to provide adequate medical care to the Plaintiffs Decedent which lead to her physical deterioration and death;

h.     failed to provide adequate personal care to the Plaintiffs Decedent which lead to her physical deterioration and death,

i.     provided her with an overdose of medication which led to her physical deterioration and death.

     6.     That as a direct and proximate result of Defendant's violation of its duty as aforesaid. Plaintiffs Decedent, PEARLIE MAE PADGETT, received 5 mg. of Risperdal, twice daily, from January 16, 2007, through January 25, 2007, said overdosage of medication leading directly to her death on February 4, 2007.

7.    That as a direct and proximate result of the aforesaid, Plaintiff suffered serious injuries of a personal and pecuniary nature including but not limited to great pain and suffering, medical expenses, and her family incurred funeral expenses.

8.    That Plaintiff, JULIE PADGETT was appointed Special Administrator of the Estate of PEARLIE MAE PADGETT by the Circuit Court of Cook County, Illinois.

9.    That a cause of action for Wrongful Death under 740 ILCS 180/ 1 has accrued to the estate of the deceased PEARLIE MAE PADGETT for the benefit of her heirs suffering pecuniary loss and all other damages allowed for under said statute.

WHEREFORE, Plaintiff, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased, prays for judgment against Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, in an amount in excess of FIFTY THOUSAND DOLLARS ($50.000.00) and for such relief as this court deems just.

**ANSWER:**    **This Defendant makes no response to the allegations contained in Count II of the Plaintiff's First Amended Complaint in that this Defendant has filed a motion to dismiss those allegations.**

Respectfully submitted,

MANORCARE HEALTH SERVICES, INC.

BY:    _____

D. Timothy McVey
One of its attorneys

McVEY & PARSKY, LLC
30 N. LaSalle Street
Suite 2100
Chicago, IL 60602
Phone: 312/551-2130
Fax:    312/551-2131
Firm No. 39907

11506 DTM MC

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JULIE PADGETT, as Special Administrator of the )
Estate of PEARLIE MAE PADGETT, Deceased, )
                                          )
                         Plaintiff, )
                                          )    Case No. 07 L 7678
vs.                                        )
                                          )
MANORCARE HEALTH SERVICES, INC., an )
Illinois Corporation, Individually and d/b/a )
MANORCARE AT PALOS HEIGHTS WEST, )
UNKNOWN AGENTS, SERVANTS AND/OR )
EMPLOYEES OF THE ABOVE-NAMED )
DEFENDANT, )
                                          )
                    Defendant(s). )

## DEFENDANT, MANORCARE HEALTH SERVICES, INC.'S
## MOTION TO DISMISS PLAINTIFF'S
## FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Defendant, MANORCARE HEALTH SERVICES, INC., by

and through its attorneys, McVEY & PARSKY, LLC, and respectfully request that this

Court dismiss Count II of Plaintiff's Amended Complaint pursuant to 735 ILCS 2-619.

In support of this motion, Defendant states as follows:

      1.      On or about July 27, 2007, Plaintiff filed a First Amended Complaint at

Law against Defendant, MANORCARE HEALTH SERVICES, INC. (A copy of

Plaintiff's First Amended Complaint at Law is attached hereto and incorporated herein as

Exhibit "A").

      2.      The Amended Complaint consists of two counts. Count I seeks survival

damages for violations of the Nursing Home Care Act while Count II seeks wrongful

death damages under a negligence theory. .

      3.      Count II of Plaintiff's Amended complaint generally alleges that the

Defendant failed to properly medicate the decedent.



DEFENDANT'S
EXHIBIT
5

4.    735 ILCS 5/2-622 requires that an action brought in healing art malpractice have an affidavit attached to it.

5.    "To determine whether a complaint sounds in ordinary negligence or healing art malpractice, courts look to the evidence that will be necessary to establish the defendant's standard of care." *Kolanowski v. Illinois Valley Community Hospital,* 136 Ill.Dec. 135, 137 (3d Dist. 1989).

6.    The action is subject to the statutory restrictions for healing art malpractice when expert medical testimony is required to establish the standard of care. *See, e.g., Id.* The allegations of Count II of Plaintiff's Amended Complaint which reference the Defendant's failure to properly medicate the decedent clearly requires expert testimony to establish a standard of care.

7.    Plaintiff's Amended Complaint does not contain an affidavit as required by 735 ILCS 5/2-622.

8.    735 ILCS 5/2-622(g) states that "[t]he failure to file a certificate required by this Section shall be grounds for dismissal under Section 2-619."

WHEREFORE, Defendant, MANORCARE HEALTH SERVICES, INC., respectfully requests that this Court dismiss Count II of Plaintiff's First Amended Complaint at Law with prejudice.

Respectfully submitted,

MANORCARE HEALTH SERVICES, INC.

BY:    _____
D. Timothy McVey
One of its attorneys

McVEY & PARSKY, LLC
30 N. LaSalle Street, Suite 2100
Chicago, IL 60602
Phone: 312/551-2130
Fax:    312/551-2131
Firm No. 39907

2

#31555

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARMENT, LAW DIVISION

JULIE PADGETT, as Special Administrator of the )
Estate of PEARLIE MAE PADGETT, Deceased, )
                                         )
            Plaintiff(s),       )
                                         )     NO.    07 L 7678
vs.                                    )
                                         )
MANORCARE HEALTH SERVICES, INC., an )
Illinois Corporation, Individually and d/b/a )
MANORCARE AT PALOS HEIGHTS WEST, and )
UNKNOWN AGENTS, SERVANTS AND/OR )
EMPLOYEES OF THE ABOVE-NAMED )
DEFENDANT.                      )
                                         )
           Defendant(s).    )

## FIRST AMENDED COMPLAINT AT LAW

### COUNT I
### NURSING HOME CARE ACT/SURVIVAL

NOW COME the Plaintiffs, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased,, by and through the LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for its complaint against MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, and pleading both in the alternative and hypothetical, states as follows:

1.     That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, was the owner, licensee, and operator of the long-term care facility known as Manorcare at Palos Heights West, located at 11860 Southwest Highway in the City of Palos Heights, County of Cook, State of Illinois, and was subject to the provisions of the Nursing Home Care Act, 210 ILCS 45/1-101, *et seq.,* (hereinafter, the "Act").



2.      That on and before January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST was a "facility" as defined by 45/1-113 of the Act and was subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the Act.

3.      That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST were subject to the requirements of 42 U.S.C. sec. 1396r (1990) *et seq.* as amended by the Omnibus Budget Reconciliation Act of 1987("OBRA").

4.      That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST was subject to the requirements of Volume 42, Code of Federal Regulations, Part 483 setting forth Medicare and Medicaid Requirements for Long Term Facilities ("OBRA REGLATIONS"), as effective on October 1, 1990.

5.      That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST provided its residents with medical and nursing care and other daily living assistance, by staffing and employing physicians, nurses and other health care professionals.

6.      That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST and its owners, officers, employees and agents was under a statutory obligation not to violate the rights of any resident of the facility including the obligation not to abuse or neglect any resident as provided by the ACT as follows:

        a.  An owner, licensee, administrator, employee or agent of a facility shall not abuse or neglect a resident  (210 ILCS 45/2-107);

        b.  "Abuse" means any physical or health injury...inflicted on a resident other than by accidental means in a facility. (210 ILCS 45/1-103); and

2

      c. "Neglect" means a failure in a facility to provide adequate medical or personal care or maintenance, which failure results in physical or health injury to a resident or in the deterioration of a resident's physical or health condition. (210 ILCS 45/1-117).

7.    That on and after January 15, 2007, and at all times material, PEARLIE MAE PADGETT, Decedent, was a person residing in and receiving personal care from Defendant's facility.

8.    That on said date, it was the duty of Defendant and Defendant's agents and employees to refrain from neglecting Plaintiff pursuant to the Act at 210 ILCS 45/2-107.

9.    That from January 15, 2007, to January 25, 2007, Defendant, through its employees and agents, violated its duty to Plaintiff by committing the following acts and/or omissions:

      a. That Defendant failed to provide adequate medical care, within the meaning of 210 ILCS 45/1-117 to the Plaintiff's Decedent, PEARLIE MAE PADGETT, that lead to her physical deterioration and death;

      b. That Defendant failed to provide adequate personal care, within the meaning of 210 ILCS 45/1-117 to the Plaintiff's Decedent, PEARLIE MAE PADGETT, that lead to her physical deterioration and death,

      c. That Defendant failed to provide adequate maintenance, within the meaning of 210 ILCS 45/1-117 to the Plaintiff's Decedent, PEARLIE MAE PADGETT, that lead to her physical deterioration and death, and;

      d. That the Defendant neglected Plaintiff's Decedent, PEARLIE MAE PADGETT, within the meaning of 210 ILCS 45/1-117, that lead to her physical deterioration and death.

      e. That the Defendant neglected Plaintiff's Decedent, PEARLIE MAE PADGETT, within the meaning of 210 ILCS 45/1-117, by failing to review medication orders that lead to her physical deterioration and death.

      f. That the Defendant neglected Plaintiff's Decedent, PEARLIE MAE PADGETT, within the meaning of 210 ILCS 45/1-117, by failing to monitor appropriate antipsychotic medications and dosages that lead to her physical deterioration and death.

g. That the Defendant neglected Plaintiff's Decedent, PEARLIE MAE PADGETT, within the meaning of 210 ILCS 45/1-117, by failing to report to a physician her deteriorating physical condition and other symptoms resulting in death.

10. That as a direct and proximate result of Defendant's violation of its duty as aforesaid, Plaintiff's Decedent, PEARLIE MAE PADGETT, received 5 mg. of Risperdal, twice daily, from January 16, 2007, through January 25, 2007, said overdosage of medication leading directly to her death on February 4, 2007.

11. That as a direct and proximate result of the aforesaid, Plaintiff suffered serious injuries of a personal and pecuniary nature including but not limited to great pain and suffering, medical expenses, and her family incurred funeral expenses.

12. That the ***NURSING HOME CARE ACT***, as amended, provides that the "licensee shall pay the actual damages and costs and attorney's fees to a facility resident whose rights, as specified in Part I of Article II of this Act, are violated. "210 ILCS 45/3-602.;

13. That the ***NURSING HOME CARE ACT***, as amended, provides that the "owner and licensee are liable to a resident for any intentional or negligent act or omission of their agency or employee which injures the resident." "210 ILCS 45/3-601.

14. That Plaintiff, JULIE PADGETT was appointed Special Administrator of the Estate of PEARLIE MAE PADGETT by the Circuit Court of Cook County, Illinois.

15. That Plaintiff, JULIE PADGETT, brings this cause of action on behalf of the Estate of PEARLIE MAE PADGETT, Deceased, pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act of Illinois.

WHEREFORE, Plaintiff, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased, prays for judgment against Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, in an amount necessary to compensate them fully and fairly for all losses compensable under the Act, including costs and attorneys' fees, pursuant to 210 ILCS 45/3-601 and 210 ILCS 45/3-602, in an amount in excess of the jurisdictional limits of this court.

4

## COUNT II
## WRONGFUL DEATH

NOW COME the Plaintiffs, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased,, by and through the LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for its complaint against MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, and pleading both in the alternative and hypothetical, states as follows:

1.       That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, was the owner, licensee, and operator of the long-term care facility known as Manorcare at Palos Heights West, located at 11860 Southwest Highway in the City of Palos Heights, County of Cook, State of Illinois.

2.       That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, provided its residents with medical and nursing care and other daily living assistance, by staffing and employing physicians, nurses and other health care professionals.

3.       That on and after January 15, 2007, and at all times material, Plaintiff's Decedent, PEARLIE MAE PADGETT, was a person residing in and receiving personal care from Defendant's facility.

4.       That on said date, it was the duty of Defendant and Defendant's agents and employees to treat the Plaintiff's Decedent with reasonable care.

5.       That from January 15, 2007, to January 25, 2007, Defendant, through its employees and agents, violated their duty to Plaintiff's Decedent by committing the following acts and/or omissions:

> a. failed to provide adequate medical care that lead to her physical deterioration and death;

> b. failed to review medication orders that led to her physical deterioration and death;

5

c. failed to monitor appropriate antipsychotic medications and dosages that lead to her physical deterioration and death;

d. failed to review new medication orders that led to her physical deterioration and death;

e. failed to notify a physician in a timely manner of her deteriorating physical condition and other symptoms resulting in death.

f. failed to send the Plaintiff's Decedent for medical treatment in a timely manner when they knew or should have known the Plaintiff's Decedent overdosed on medication;

g. failed to provide adequate medical care to the Plaintiff's Decedent which lead to her physical deterioration and death;

h. failed to provide adequate personal care to the Plaintiff's Decedent which lead to her physical deterioration and death,

i. provided her with an overdose of medication which led to her physical deterioration and death.

6. That as a direct and proximate result of Defendant's violation of its duty as aforesaid, Plaintiff's Decedent, PEARLIE MAE PADGETT, received 5 mg. of Risperdal, twice daily, from January 16, 2007, through January 25, 2007, said overdosage of medication leading directly to her death on February 4, 2007.

7. That as a direct and proximate result of the aforesaid, Plaintiff suffered serious injuries of a personal and pecuniary nature including but not limited to great pain and suffering, medical expenses, and her family incurred funeral expenses.

8. That Plaintiff, JULIE PADGETT was appointed Special Administrator of the Estate of PEARLIE MAE PADGETT by the Circuit Court of Cook County, Illinois.

9. That a cause of action for Wrongful Death under 740 ILCS 180/1 has accrued to the estate of the deceased, PEARLIE MAE PADGETT, for the benefit of her heirs suffering pecuniary loss and all other damages allowed for under said statute.

6

WHEREFORE, Plaintiff, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased, prays for judgment against Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for such relief as this court deems just

LAW OFFICES OF STEVEN J. MALMAN
& ASSOCIATES, P.C.

Attorney for Plaintiff(s)

LAW OFFICES OF STEVEN J. MALMAN
& ASSOCIATES, P.C., #31555
205 West Randolph Street
Suite 1040
Chicago, Illinois 60606
(312) 629-0099

11506 DTM MC

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JULIE PADGETT, as Special Administrator of the )
Estate of PEARLIE MAE PADGETT, Deceased, )
                                          )
                      Plaintiff, )
vs.                                )     Case No. 07 L 7678
                                            )
MANORCARE HEALTH SERVICES, INC., an )
Illinois Corporation, Individually and d/b/a )
MANORCARE AT PALOS HEIGHTS WEST, )
UNKNOWN AGENTS, SERVANTS AND/OR )
EMPLOYEES OF THE ABOVE-NAMED )
DEFENDANT, )
                                            )
                     Defendant(s). )

## DEFENDANTS FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS, OBJECTS AND TANGIBLE THINGS

NOW COMES the Defendant, MANORCARE HEALTH SERVICES, INC., by its

attorneys, McVEY & PARSKY, LLC, pursuant to Illinois Supreme Court Rule 214, and

hereby requests that the Plaintiff produce within twenty-eight days of service of this request

the following documents, as defined in Supreme Court Rule 214, objects or tangible things,

together with a Supreme Court Rule 214 affidavit:

       1.      Any and all documents referenced in Plaintiffs answer to this Defendant's
interrogatories.

       2.      Any and all documents reflecting or purportedly reflecting facts bearing on the
Decedent's and her next of kin's damages.

       3.      Any and all documents reflecting facts bearing on the Decedent's pre or post
incident medical condition.

       4.      Any and all documents reflecting facts or purportedly contains facts bearing
on Decedent's mental status before, during and after the incident in question.

       5.      Curriculum Vitae and reports of any experts or opinion witness who will
testify at trial.

DEFENDANT'S
EXHIBIT
6

6. Any and all documents provided to any 213(f) witness who will testify at trial.

7. Any non-privileged statements of any persons having knowledge of the matters alleged in the Complaint, whether written, audiotaped, videotaped, stenographically recorded or stored on computer hardware or software.

8. All photographs or visual recordings of any kind relating to the scene of the occurrence alleged in the Complaint, including, but not limited to, the instrumentalities involved and the Decedent and her next of kin.

9. Any and all protocols, standards, regulations, guidelines or other such documents that Plaintiff claims apply to the Defendant in this case and which were violated and ultimately contributed to the Decedent's injuries.

10. Any and all investigative reports by any entity or individuals pertaining to the incident that is alleged in the Plaintiff's complaint.

11. Any and all medical records pertaining to any care or treatment rendered to the Decedent over the last six (6) years.

12. Any and all treatises, guidelines, publications, standards, protocols, manuals, policies, procedures or other written material that the plaintiff believes is germane or maybe germane to the issues presented by the Plaintiff's pleadings.

13. Any and all documents that the Plaintiff or Plaintiff's attorneys plan on referring to or utilizing in any way during the depositions that will be conducted in this case.

14. Any and all documents that the Plaintiff or Plaintiff's attorneys plan on using during cross examination of any witness at trial, including any document that forms the basis for any question presented to any witness at trial.

15. Any documents that were allegedly generated by or relating to the defendant in this case.

16. Any and all correspondence between the plaintiff, Plaintiff's attorney, Plaintiff's agent, Plaintiff's attorney's agent and any third party pertaining to any issue or fact stemming from the Plaintiff's complaint.

17. Any and all medical bills of the Decedent that the Plaintiff claims are as a result of the incidents alleged in the Plaintiff's complaint.

18. Any and all documents that refer to or are germane to any damages the Plaintiff may seek in this case for the Decedent or any next of kin.

19.    Any and all governmental documents that the Plaintiff believes are relevant to any issue in this case and/or the Plaintiff or the Plaintiff's attorneys plan on utilizing in any way during the discovery phase or at trial.

20.    Produce a copy of any power of attorney executed by the decedent.

21.    Produce a copy of all documents appointing Plaintiff as administrator, guardian, special administrator or an executive relative to the decedent.

22.    Provide a copy of the death certificate for the decedent.

Respectfully submitted,

MANORCARE HEALTH SERVICES, INC.

BY:    _____
       D. Timothy McVey
       One of its attorneys

McVEY & PARSKY, LLC
30 N. LaSalle Street
Suite 2100
Chicago, IL 60602
Phone: 312/551-2130
Fax:    312/551-2131
Firm No.: 39907

3

# EXHIBIT 6

11506 DTM MC

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JULIE PADGETT, as Special Administrator of the )
Estate of PEARLIE MAE PADGETT, Deceased,   )
                                            )
                            Plaintiff,      )
                                            )    Case No. 07 L 7678
vs.                                         )
                                            )
MANORCARE HEALTH SERVICES, INC., an         )
Illinois Corporation, Individually and d/b/a )
MANORCARE AT PALOS HEIGHTS WEST,            )
UNKNOWN AGENTS, SERVANTS AND/OR             )
EMPLOYEES OF THE ABOVE-NAMED                )
DEFENDANT,                                  )
                                            )
                            Defendant(s).   )

## INTERROGATORIES DIRECTED TO PLAINTIFF

NOW COMES Defendant, MANORCARE HEALTH SERVICES, INC., by and

through its attorneys McVEY & PARSKY, LLC, and propounds the following

Interrogatories to be answered by the Plaintiff, JULIE PADGETT, as Special

Administrator of the Estate of PEARLIE MAE PADGETT, deceased, within twenty-

eight (28) days upon receipt hereof:

1.    State your full name, address, with whom you reside, date of birth and social
      security number.

**ANSWER:**

2.    State the full name, address and telephone number of each person who witnessed
      or claims to have witnessed the occurrence alleged in your Complaint.

**ANSWER:**

3.    State the full name, address and telephone number of each person not named in
      Interrogatory #2 above who was present or claims to have been present at the
      scene immediately before, at the time of or immediately after said occurrence.

**ANSWER:**

DEFENDANT'S
EXHIBIT
6

4.  Describe in general the personal injuries sustained by the decedent as a result of said occurrence.

**ANSWER:**

5.  With regard to said injuries, state:

    (a)  the name and address of each attending physician;

    (b)  the name and address of each consulting physician;

    (c)  the name and address of each person or laboratory taking an x-ray of the decedent;

    (d)  the date or inclusive dates on which each of them rendered the decedent service;

    (e)  the amounts to date of their respective bills for service;

    (f)  from whom of them do you have written reports.

**ANSWER:**

6.  As the result of said injuries, was the decedent a patient or out-patient in any hospital or clinic? If so, state the names and addresses of each such hospital or clinic, the amounts of their respective bills and the date or inclusive dates of said services.

**ANSWER:**

7.  Please list each and every element of damages claimed by you providing for each set of economic damages of the amount claimed and identify each and every document that contains facts, or purportedly contains facts upon which your damages calculations are premised. (For this Defendant only)

**ANSWER:**

8.  During the five years immediately prior to the date of said occurrence, had the decedent been confined to a hospital, treated by a physician, or x-rayed for any reason other than personal injury? If so, give the name and address of each such hospital, technician or clinic, the approximate date of such confinement or service and state, in general, the reason for such confinement or service.

2

**ANSWER:**

9.      Had the decedent suffered any serious personal injury prior to the date of said
        occurrence? If so, state when, where, and in general how the decedent was so
        injured and describe, in general, the injuries suffered.

**ANSWER:**

10.     Had the decedent ever filed any other lawsuit for her own personal injuries? If so,
        state the court in which filed, the year filed and the title and docket number of
        said case.

**ANSWER:**

11.     Were any photographs taken of the scene of the occurrence or of the person or
        persons involved? If so, state the date or dates on which such photographs were
        taken, the subjects thereof and who now has custody of them.

**ANSWER:**

12.     Do you have statements from any witness and/or expert other than yourself? If
        so, give the name and address of each such witness and expert, the date of said
        statement, and state whether such statement was written or oral.

**ANSWER:**

13.     List the name and addresses of all other persons who have knowledge of the facts
        of said occurrence or of the injuries and damages following there from.

**ANSWER:**

14.     Please identify each and every individual who has knowledge or purportedly has
        knowledge of any fact that will either support or refute the allegations contained
        in the Plaintiff's complaint.

**ANSWER:**

15.     Please state each and every governmental or other such regulation, statute,
        standard, guideline, protocol, policy or other such rule, you contend that this

3

defendant violated in caring for the decedent and for each violation state the facts upon which you premise your contention.

**ANSWER:**

16.     Please list all of the other doctors, hospitals, clients and other healing art practitioners the decedent had seen in the eight years prior to his death, providing the last know addresses and telephone numbers for each.

**ANSWER:**

17.     Please identify by title, author and date of publication each and every text, publication, or other such written document that establishes a standard of care that the Plaintiff claims that this defendant violated and that proximately caused the decedent's injuries.

**ANSWER:**

18.     Please identify the decedent's cause of death, where the death occurred and the location of any autopsy that was performed.

**ANSWER:**

19.     Please state whether the decedent, the decedent's power of attorney, the decedent's family, or the decedent's guardian ever refused any treatment, procedure, nutritional suggestion, medical care, or testing within two years of the decedent's death and, if so, please state why the treatment, medical etc.... was declined.

**ANSWER:**

20.     Please state whether a "do not resuscitate' was in placed at any time during the decedent's stay at this defendant's facility and, if so, state the name and last known address of each and every individual, including doctors, who participated in having the do not resuscitate executed and why such a provision was put in place.

**ANSWER:**

21.     Please provide the names, dates of birth, social security numbers, addresses and last known telephone numbers for each of the decedent's next of kin.

4

**ANSWER:**

22.     Please state the date on which the Plaintiff was appointed administrator, guardian, special administrator or executor and provide a copy of any document evidencing such appointment.

**ANSWER:**

23.     Describe the acts and/or the omissions of this defendant, including specific diagnosis, procedures, tests, therapy, treatment or any other type of healing arts, which you claimed caused or contributed to the injuries to the plaintiff's decedent for which you seek damages, and as to each, state:

    (a)     the date or dates thereof;

    (b)     the name and address of each witness;

    (c)     the names and address of all other persons having knowledge thereof;

    (d)     the location of any and all documents, including without limitation, nursing home, hospital or any other medical records reflection such acts and/or omissions.

**ANSWER:**

24.     Have you or anyone acting on your behalf, had any conversations with any persons at any time with regard to the manner in which the care and treatment described in your complaint was provided, or have you overheard any statement made by any person at any time with regard to the injuries complained of by the plaintiff's decedent or concerning the manner in which the care and treatment alleged in the complaint was provided? If so, state:

    (a)     the date or dates of such conversation and /or statement;

    (b)     the place of such conversations and/or statements;

    (c)     the matters and things stated by the person in a conversation and/or statements;

    (d)     whether the conversation was oral, written and /or recorded;

    (e)     who has possession of this statement, if written and/or recorded?

**ANSWER:**

25. Identify each person or entity, if any, that claims a lien or right to payment or reimbursement of any money from the proceeds of any settlement or judgment in this litigation.

**ANSWER:**

26. Has the plaintiff or his attorneys engaged in discussions with any treating physician, nurse, or other health care provider that provided treatment to the decedent and, if so, state the name and address of each person with whom such discussions were held, the date on which the discussions were held, the names, addresses and employers of all individuals present for such discussions: whether such discussions were recorded or transcribed and if notes were taken during said discussions state the name, address and employer of the person taking the notes, and state who now has possession of said notes.

**ANSWER:**

Respectfully submitted,

MANORCARE HEALTH SERVICES, INC.

BY: _____
D. Timothy McVey
One of its attorneys

McVEY & PARSKY, LLC
30 N. LaSalle Street
Suite 2100
Chicago, IL 60606
Phone: 312/551-2130
Fax: 312/551-2131
Firm No. 39907

6

11506 DTM MC

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JULIE PADGETT, as Special Administrator of the )
Estate of PEARLIE MAE PADGETT, Deceased, )
                                           )
                         Plaintiff, )
                                             )
vs.                                           )      Case No. 07 L 7678
                                             )
MANORCARE HEALTH SERVICES, INC., an )
Illinois Corporation, Individually and d/b/a )
MANORCARE AT PALOS HEIGHTS WEST, )
UNKNOWN AGENTS, SERVANTS AND/OR )
EMPLOYEES OF THE ABOVE-NAMED )
DEFENDANT, )
                                             )
                       Defendant(s). )

## NOTICE OF DEPOSITION

TO:     Steven J. Malman
          LAW OFFICES OF STEVEN J. MALMAN
               & ASSOCIATES, P.C.
          205 W. Randolph Street
          Suite 1040
          Chicago, IL 60606

| DEPONENT | DATE | TIME |
|---|---|---|
| Julie Padgett | November 14, 2007 | 1:00 p.m. |

      You are hereby notified that the undersigned will take the deposition of the above named Deponent(s) before a notary public or any other duly authorized officer in the City of Chicago on **the above date and time.** The deposition will occur at **McVey & Parsky, LLC, 30 N. LaSalle Street, Suite 2100, Chicago, IL 60602.**

      You are hereby further notified pursuant to the Civil Practice Act and Rules of the Supreme Court of Illinois that you are by this notice required to have present at the date and time and place stated, the said Deponent(s) for oral examination for the purpose of discovery.

                                        **D. Timothy McVey**
                                        Attorney for Defendant, ManorCare
                                        Health Services, Inc.

McVEY & PARSKY, LLC
30 North LaSalle Street, Suite 2100
Chicago, IL 60606
Phone: 312/551-2130
Fax: 312/551-2131
Firm No.: 39907



DEFENDANT'S
EXHIBIT
6

# EXHIBIT 7

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JULIE PADGETT, as Special Administrator of the )<br>Estate of PEARLIE MAE PADGETT, Deceased, )<br> )<br>Plaintiff, )<br>vs. )<br> )<br>MANORCARE HEALTH SERVICES, INC., an )<br>Illinois Corporation, Individually and d/b/a )<br>MANORCARE AT PALOS HEIGHTS WEST, )<br>UNKNOWN AGENTS, SERVANTS AND/OR )<br>EMPLOYEES OF THE ABOVE-NAMED )<br>DEFENDANT, )<br> )<br>Defendant(s). ) | Case No.<br><br>JURY DEMAND |

## AFFIDAVIT OF TERRY WILSON

I, TERRY WILSON, being first duly sworn, am competent to testify to the facts contained in this Affidavit in that I have personal knowledge of the following:

1.     I am the Manager of Subsidiary Organization for Heartland Employment Services, LLC. In that capacity, I provide legal assistant services for ManorCare Health Services, Inc.

2.     In my job, I am responsible for maintaining the corporate minute books for ManorCare Health Services, Inc. Because of my involvement in this position, I have personal knowledge of the facts stated in this Affidavit.

3.     ManorCare Health Services, Inc. owned and operated as the licensee the facility known as ManorCare at Palos Heights West where Pearlie Padgett was a resident from 2000 to the present.

4.     ManorCare Health Services, Inc. is a Delaware corporation with its principle place of business in Toledo, Ohio.



DEFENDANT'S<br>EXHIBIT<br>7

AFFIANT FURTHER SAYETH NOT.

Date: _8/29/07_

_Terry Wilson_
Terry Wilson

Subscribed and sworn to before me
this ___ day of August, 2007.

_Lisa A. Taylor_
Notary Public

LISA A. TAYLOR
Notary Public, State of Ohio
My Commission Expires 01/26/2010

2