## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JULIE PADGETT, as Special Administrator of the )
Estate of PEARLIE MAE PADGETT, Deceased, )
                                     )
                 Plaintiff(s), )     NO.   07 C 4918
                                       )
vs.                                  )
                                       )     JUDGE LEINENWEBER
MANORCARE HEALTH SERVICES, INC., an )
Illinois Corporation, Individually and d/b/a )
MANORCARE AT PALOS HEIGHTS WEST; )
PALOS COMMUNITY HOSPITAL, an Illinois )
Not-For-Profit Corporation; C. JOHNSON, )
Individually and as agent servant and/or employee )
of PALOS COMMUNITY HOSPITAL, an Illinois )
Not-For-Profit Corporation; MOHAMMAD A. )
RAZZAQUE, M.D.; and UNKNOWN AGENTS, )
SERVANTS AND/OR EMPLOYEES OF THE )
ABOVE-NAMED DEFENDANTS. )
                                       )
                 Defendant(s). )

## SECOND AMENDED COMPLAINT AT LAW

### COUNT I

### NURSING HOME CARE ACT/SURVIVAL ACT vs.
### MANORCARE HEALTH SERVICES, INC.

NOW COME the Plaintiffs, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased,, by and through the LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for its complaint against the Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, and pleading both in the alternative and hypothetical, states as follows:

1.     That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, was the owner, licensee, and

operator of the long-term care facility known as Manorcare at Palos Heights West, located at 11860 Southwest Highway in the City of Palos Heights, County of Cook, State of Illinois, and was subject to the provisions of the Nursing Home Care Act, 210 ILCS 45/1-101, *et seq.,* (hereinafter, the "Act").

2.      That on and before January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST was a "facility" as defined by 45/1-113 of the Act and was subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the Act.

3.      That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST were subject to the requirements of 42 U.S.C. sec. 1396r (1990) *et seq.* as amended by the Omnibus Budget Reconciliation Act of 1987("OBRA").

4.      That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST was subject to the requirements of Volume 42, Code of Federal Regulations, Part 483 setting forth Medicare and Medicaid Requirements for Long Term Facilities ("OBRA REGLATIONS"), as effective on October 1, 1990.

5.      That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST provided its residents with medical and nursing care and other daily living assistance, by staffing and employing physicians, nurses and other health care professionals.

6.      That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST and its owners, officers, employees and agents was under a statutory obligation not to violate the rights of any resident of the facility including the obligation not to abuse or neglect any resident as provided by the ACT as follows:

    a. An owner, licensee, administrator, employee or agent of a facility shall not abuse or neglect a resident (210 ILCS 45/2-107);

    b. "Abuse" means any physical or health injury…inflicted on a resident other than by accidental means in a facility. (210 ILCS 45/1-103); and

    c. "Neglect" means a failure in a facility to provide adequate medical or personal care or maintenance, which failure results in physical or health injury to a resident or in the deterioration of a resident's physical or health condition. (210 ILCS 45/1-117).

7.    That on and after January 15, 2007, and at all times material, PEARLIE MAE PADGETT, Decedent, was a person residing in and receiving personal care from Defendant's facility.

8.    That on said date, it was the duty of Defendant and Defendant's agents and employees to refrain from neglecting Plaintiff pursuant to the Act at 210 ILCS 45/2-107.

9.    That from January 15, 2007, to January 25, 2007, Defendant, through its employees and agents, violated its duty to Plaintiff by committing the following acts and/or omissions:

    a. That Defendant failed to provide adequate medical care, within the meaning of 210 ILCS 45/1-117 to the Plaintiff's Decedent, PEARLIE MAE PADGETT, that led to her physical deterioration;

    b. That Defendant failed to provide adequate personal care, within the meaning of 210 ILCS 45/1-117 to the Plaintiff's Decedent, PEARLIE MAE PADGETT, that led to her physical deterioration,

    c. That Defendant failed to provide adequate maintenance, within the meaning of 210 ILCS 45/1-117 to the Plaintiff's Decedent, PEARLIE MAE PADGETT, that led to her physical deterioration;

    d. That the Defendant neglected Plaintiff's Decedent, PEARLIE MAE PADGETT, within the meaning of 210 ILCS 45/1-117, that led to her physical deterioration,

    e. That the Defendant neglected Plaintiff's Decedent, PEARLIE MAE PADGETT, within the meaning of 210 ILCS 45/1-117, by failing to review medication orders that led to her physical deterioration,

    f.    That the Defendant neglected Plaintiff's Decedent, PEARLIE MAE PADGETT, within the meaning of 210 ILCS 45/1-117, by failing to monitor appropriate antipsychotic medications and dosages that led to her physical deterioration;

    g.    That the Defendant neglected Plaintiff's Decedent, PEARLIE MAE PADGETT, within the meaning of 210 ILCS 45/1-117, by failing to report to a physician her deteriorating physical condition and other symptoms.

10.    That as a direct and proximate result of Defendant's violation of its duty as aforesaid, Plaintiff's Decedent, PEARLIE MAE PADGETT, received 5 mg. of Risperdal, twice daily, from January 16, 2007, through January 25, 2007, said overdosage of medication leading directly to her deteriorating physical condition.

11.    That as a direct and proximate result of the aforesaid, Plaintiff's Decedent suffered serious injuries of a personal and pecuniary nature including but not limited to great pain and suffering, medical expenses.

12.    That the **NURSING HOME CARE ACT**, as amended, provides that the "licensee shall pay the actual damages and costs and attorney's fees to a facility resident whose rights, as specified in Part I of Article II of this Act, are violated. "210 ILCS 45/3-602.;

13.    That the **NURSING HOME CARE ACT**, as amended, provides that the "owner and licensee are liable to a resident for any intentional or negligent act or omission of their agency or employee which injures the resident." "210 ILCS 45/3-601.

14.    That Plaintiff, JULIE PADGETT was appointed Special Administrator of the Estate of PEARLIE MAE PADGETT by the Circuit Court of Cook County, Illinois.

15.    That Plaintiff, JULIE PADGETT, brings this cause of action on behalf of the Estate of PEARLIE MAE PADGETT, Deceased, pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act of Illinois.

WHEREFORE, Plaintiff, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased, prays for judgment against Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, in an amount necessary to compensate them fully and fairly for all losses compensable under the Act, including

costs and attorneys' fees, pursuant to 210 ILCS 45/3-601 and 210 ILCS 45/3-602, in an amount in excess of the jurisdictional limits of this court.

## COUNT II

### WRONGFUL DEATH ACT vs. MANORCARE HEALTH SERVICES, INC.

NOW COME the Plaintiffs, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased,, by and through the LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for its complaint against the Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, and pleading both in the alternative and hypothetical, states as follows:

1.    That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, was the owner, licensee, and operator of the long-term care facility known as Manorcare at Palos Heights West, located at 11860 Southwest Highway in the City of Palos Heights, County of Cook, State of Illinois.

2.    That on and after January 15, 2007 and at all times material, Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, provided its residents with medical and nursing care and other daily living assistance, by staffing and employing physicians, nurses and other health care professionals.

3.    That on and after January 15, 2007, and at all times material, Plaintiff's Decedent, PEARLIE MAE PADGETT, was a person residing in and receiving personal care from Defendant's facility.

4.    That on said date, it was the duty of Defendant and Defendant's agents and employees to treat the Plaintiff's Decedent with reasonable care.

5.    That from January 15, 2007, to January 25, 2007, Defendant, through its employees and agents, violated their duty to Plaintiff's Decedent by committing the following acts and/or omissions:

a.  failed to provide adequate medical care that led to her physical deterioration and death;

b.  failed to review medication orders that led to her physical deterioration and death;

c.  failed to monitor appropriate antipsychotic medications and dosages that lead to her physical deterioration and death;

d.  failed to review new medication orders that led to her physical deterioration and death;

e.  failed to notify a physician in a timely manner of her deteriorating physical condition and other symptoms resulting in death.

e.  failed to send the Plaintiff's Decedent for medical treatment in a timely manner when they knew or should have known the Plaintiff's Decedent overdosed on medication;

f.  failed to provide adequate medical care to the Plaintiff's Decedent which lead to her physical deterioration and death;

g.  failed to provide adequate personal care to the Plaintiff's Decedent which lead to her physical deterioration and death,

h.  provided her with an overdose of medication which led to her physical deterioration and death.

6.    That as a direct and proximate result of Defendant's violation of its duty as aforesaid, Plaintiff's Decedent, PEARLIE MAE PADGETT, received 5 mg. of Risperdal, twice daily, from January 16, 2007, through January 25, 2007, said overdosage of medication leading directly to her death on February 4, 2007.

7.    That as a direct and proximate result of the aforesaid, Plaintiff's Decedent suffered serious injuries of a personal and pecuniary nature including but not limited to great pain and suffering, medical expenses, and her family incurred funeral expenses.

8.    That Plaintiff, JULIE PADGETT was appointed Special Administrator of the Estate of PEARLIE MAE PADGETT by the Circuit Court of Cook County, Illinois.

9.    That a cause of action for Wrongful Death under 740 ILCS 180/1 has accrued to the estate of the deceased, PEARLIE MAE PADGETT, for the benefit of her heirs suffering pecuniary loss and all other damages allowed for under said statute.

10.     That pursuant to the Illinois Code of Civil Procedure, the affidavit of the attorney for the Plaintiff is attached hereto as Exhibit A).

WHEREFORE, Plaintiff, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased, prays for judgment against Defendant, MANORCARE HEALTH SERVICES, INC., an Illinois Corporation, Individually and d/b/a MANORCARE AT PALOS HEIGHTS WEST, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for such relief as this court deems just.

## COUNT III

### SURVIVAL ACT vs. PALOS COMMUNITY HOSPITAL

NOW COME the Plaintiffs, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased, by and through the LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for its complaint against the Defendant, PALOS COMMUNITY HOSPITAL, an Illinois Not-For-Profit Corporation, and pleading both in the alternative and hypothetical, states as follows:

1.     That on or about January 15, 2007 and at all times material, Defendant, PALOS COMMUNITY HOSPITAL, an Illinois Not-For-Profit Corporation, was the owner, licensee, and operator of a hospital facility commonly known as Palos Community Hospital, located at 12251 South. 80th Avenue in the City of Palos Heights, County of Cook, State of Illinois.

2.     That on or about January 15, 2007 and at all times material, Defendant, PALOS COMMUNITY HOSPITAL, an Illinois Not-For-Profit Corporation, provided its patients with medical and nursing care and other medical assistance, by staffing and employing physicians, nurses and other health care professionals.

3.     That on January 10, 2007 Plaintiff's Decedent, PEARLIE MAE PADGETT, was admitted as an inpatient at Defendant's facility and from January 10, 2007 to January 15, 2007, Plaintiff's Decedent was receiving medical care from Defendant's facility.

4.    That on January 15, 2007, a physician at Defendant's facility ordered medication for the Plaintiff's Decedent including .5 mg. of Risperdal to be taken twice daily.

5.    That on January 15, 2007, Defendant, by and through its duly authorized agents, servants, and/or employees, recorded on the discharge/transfer medication reconciliation form the medication order as Risperdal 5 mg. twice daily

6.    That at all times relevant herein there was a duty on the part of the Defendant, by and through its duly authorized agents, servants, and/or employees, to render hospital and medical services consistent with the medical requirements of the patients therein, and not to negligently cause injuries to said patients, including Plaintiff's Decedent.

7.    That on or about January 15, 2007, Defendant, through its employees and agents, violated its duty to Plaintiff's Decedent by committing the following acts and/or omissions:

    a.  failed to record the correct dosage of medication on the Plaintiff's Decedent's medical records, chart and/or transfer notes;

    b.  failed to record the correct dosage of medication on the Plaintiff's Decedent's discharge/transfer medication reconciliation;

    c.  allowed the administration of drugs and other treatment which were contraindicated that led to her physical deterioration;

    d.  failed to review medication orders that led to her physical deterioration;

    e.  failed to review transfer notes which referred to the medication dosage that led to her physical deterioration;

8.    That as a direct and proximate result of Defendant's violation of its duty as aforesaid, Plaintiff's Decedent, PEARLIE MAE PADGETT, received 5 mg. of Risperdal, twice daily, from January 16, 2007, through January 25, 2007, said overdosage of medication leading directly to her deteriorating physical condition.

9.     That as a direct and proximate result of the aforesaid, Plaintiff's Decedent suffered serious injuries of a personal and pecuniary nature including but not limited to great pain and suffering, medical expenses.

10.     That Plaintiff, JULIE PADGETT was appointed Special Administrator of the Estate of PEARLIE MAE PADGETT by the Circuit Court of Cook County, Illinois.

11.     That Plaintiff, JULIE PADGETT, brings this cause of action on behalf of the Estate of PEARLIE MAE PADGETT, Deceased, pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act of Illinois.

12.     That pursuant to the Illinois Code of Civil Procedure, the affidavit of the attorney for the Plaintiff is attached hereto as Exhibit A).

WHEREFORE, Plaintiff, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased, prays for judgment against Defendant, PALOS COMMUNITY HOSPITAL, an Illinois Not-For-Profit Corporation, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for such relief as this court deems just.

## COUNT IV

### WRONGFUL DEATH ACT vs. PALOS COMMUNITY HOSPITAL

NOW COME the Plaintiffs, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased, by and through the LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for its complaint against the Defendant, PALOS COMMUNITY HOSPITAL, an Illinois Not-For-Profit Corporation, and pleading both in the alternative and hypothetical, states as follows:

1.     That on or about January 15, 2007 and at all times material, Defendant, PALOS COMMUNITY HOSPITAL, an Illinois Not-For-Profit Corporation, was the owner, licensee, and operator of a hospital facility commonly known as Palos Community Hospital, located at 12251 South. 80th Avenue in the City of Palos Heights, County of Cook, State of Illinois.

2.     That on or about January 15, 2007  and at all times material, Defendant, PALOS COMMUNITY HOSPITAL, an Illinois Not-For-Profit Corporation, provided its patients with medical and nursing care and other medical assistance, by staffing and employing physicians, nurses and other health care professionals.

3.     That on January 10, 2007 Plaintiff's Decedent, PEARLIE MAE PADGETT, was admitted as an inpatient at Defendant's facility and from January 10, 2007 to January 15, 2007, Plaintiff's Decedent was receiving medical care from Defendant's facility.

4.     That on January 15, 2007, a physician at Defendant's facility ordered medication for the Plaintiff's Decedent including .5 mg. of Risperdal to be taken twice daily.

5.     That on January 15, 2007, Defendant, by and through its duly authorized agents, servants, and/or employees, recorded on the discharge/transfer medication reconciliation form the medication order as Risperdal 5 mg. twice daily

6.     That at all times relevant herein there was a duty on the part of the Defendant, by and through its duly authorized agents, servants, and/or employees, to render hospital and medical services consistent with the medical requirements of the patients therein, and not to negligently cause injuries to said patients, including Plaintiff's Decedent.

7.     That on or about January 15, 2007, Defendant, through its employees and agents, violated its duty to Plaintiff's Decedent by committing the following acts and/or omissions:

    a.  failed to record the correct dosage of medication on the Plaintiff's Decedent's medical records, chart and/or transfer notes;

    b.  failed to record the correct dosage of medication on the Plaintiff's Decedent's discharge/transfer medication reconciliation;

    c.  allowed the administration of drugs and other treatment which were contraindicated that led to her physical deterioration;

    d.  failed to review medication orders that led to her physical deterioration;

e. failed to review transfer notes which referred to the medication dosage that led to her physical deterioration;

8. That as a direct and proximate result of Defendant's violation of its duty as aforesaid, Plaintiff's Decedent, PEARLIE MAE PADGETT, received 5 mg. of Risperdal, twice daily, from January 16, 2007, through January 25, 2007, said overdosage of medication leading directly to her death on February 4, 2007.

9. That as a direct and proximate result of the aforesaid, Plaintiff's Decedent suffered serious injuries of a personal and pecuniary nature including but not limited to great pain and suffering, medical expenses, and her family incurred funeral expenses.

10. That Plaintiff, JULIE PADGETT was appointed Special Administrator of the Estate of PEARLIE MAE PADGETT by the Circuit Court of Cook County, Illinois.

11. That a cause of action for Wrongful Death under 740 ILCS 180/1 has accrued to the estate of the deceased, PEARLIE MAE PADGETT, for the benefit of her heirs suffering pecuniary loss and all other damages allowed for under said statute.

12. That pursuant to the Illinois Code of Civil Procedure, the affidavit of the attorney for the Plaintiff is attached hereto as Exhibit A).

WHEREFORE, Plaintiff, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased, prays for judgment against Defendant, PALOS COMMUNITY HOSPITAL, an Illinois Not-For-Profit Corporation, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for such relief as this court deems just.

## COUNT V

## SURVIVAL ACT vs. C. JOHNSON

NOW COME the Plaintiffs, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased, by and through the LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for its complaint against the Defendant, C. JOHNSON, Individually and as agent, servant and/or employee of PALOS COMMUNITY HOSPITAL, an Illinois Corporation, and pleading both in the alternative and hypothetical, states as follows:

1.      That on or about January 15, 2007 and at all times material, Defendant, C. JOHNSON, was a registered nurse or a licensed practical nurse licensed to practice within the State of Illinois.

2.      That on or about January 15, 2007 and at all times material, Defendant, C. JOHNSON, was an agent, servant and or employee of Defendant, PALOS COMMUNITY HOSPITAL, an Illinois Not-For-Profit Corporation located at 12251 South. 80th Avenue in the City of Palos Heights, County of Cook, State of Illinois.

3.      That on January 10, 2007 Plaintiff's Decedent, PEARLIE MAE PADGETT, was admitted as an inpatient at Palos Community Hospital and from January 10, 2007 to January 15, 2007, Plaintiff's Decedent was receiving medical care at the aforementioned facility.

4.      That on or about January 15, 2007, Defendant, C. JOHNSON, cared for and provided medical treatment to the Plaintiff's Decedent at Palos Community Hospital.

5.      That on January 15, 2007, a physician at Defendant's facility ordered medication for the Plaintiff's Decedent including .5 mg. of Risperdal to be taken twice daily.

6.      That on January 15, 2007, Defendant, C. JOHNSON, recorded on the discharge/transfer medication reconciliation form the medication order as Risperdal 5 mg. twice daily

7.      That at all times relevant herein there was a duty on the part of the Defendant, C. JOHNSON, to render hospital and medical services consistent with the

medical requirements of the patients therein, and not to negligently cause injuries to said patients, including Plaintiff's Decedent.

      8.     That on or about January 15, 2007, Defendant, C. JOHNSON, violated her duty to Plaintiff's Decedent by committing the following acts and/or omissions:

     a.  failed to record the correct dosage of medication on the Plaintiff's Decedent's medical records, chart and/or transfer notes;

     b.  failed to record the correct dosage of medication on the Plaintiff's Decedent's discharge/transfer medication reconciliation;

     c.  allowed the administration of drugs and other treatment which were contraindicated that led to her physical deterioration;

     d.  failed to review medication orders that led to her physical deterioration;

     e.  failed to review transfer notes which referred to the medication dosage that led to her physical deterioration;

      9.     That as a direct and proximate result of Defendant's violation of her duty as aforesaid, Plaintiff's Decedent, PEARLIE MAE PADGETT, received 5 mg. of Risperdal, twice daily, from January 16, 2007, through January 25, 2007, said overdosage of medication leading directly to her deteriorating physical condition.

     10.    That as a direct and proximate result of the aforesaid, Plaintiff's Decedent suffered serious injuries of a personal and pecuniary nature including but not limited to great pain and suffering, medical expenses.

     11.    That Plaintiff, JULIE PADGETT was appointed Special Administrator of the Estate of PEARLIE MAE PADGETT by the Circuit Court of Cook County, Illinois.

     12.    That Plaintiff, JULIE PADGETT, brings this cause of action on behalf of the Estate of PEARLIE MAE PADGETT, Deceased, pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act of Illinois.

     13.    That pursuant to the Illinois Code of Civil Procedure, the affidavit of the attorney for the Plaintiff is attached hereto as Exhibit A).

     WHEREFORE, Plaintiff, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased, prays for judgment against Defendant,

C. JOHNSON, Individually and as agent, servant and/or employee of PALOS COMMUNITY HOSPITAL, an Illinois Corporation, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for such relief as this court deems just.

## COUNT VI

### WRONGFUL DEATH ACT vs. C. JOHNSON

NOW COME the Plaintiffs, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased, by and through the LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for its complaint against the Defendant, C. JOHNSON, Individually and as agent, servant and/or employee of PALOS COMMUNITY HOSPITAL, an Illinois Corporation, and pleading both in the alternative and hypothetical, states as follows:

1.     That on or about January 15, 2007 and at all times material, Defendant, C. JOHNSON, was a registered nurse or a licensed practical nurse licensed to practice within the State of Illinois.

2.     That on or about January 15, 2007 and at all times material, Defendant, C. JOHNSON, was an agent, servant and or employee of Defendant, PALOS COMMUNITY HOSPITAL, an Illinois Not-For-Profit Corporation.

3.     That on January 10, 2007 Plaintiff's Decedent, PEARLIE MAE PADGETT, was admitted as an inpatient at Palos Community Hospital and from January 10, 2007 to January 15, 2007, Plaintiff's Decedent was receiving medical care at the aforementioned facility.

4.     That on or about January 15, 2007, Defendant, C. JOHNSON, cared for and provided medical treatment to the plaintiff's decedent at Palos Community Hospital.

5.     That on January 15, 2007, a physician at Defendant's facility ordered medication for the plaintiff including .5 mg. of Risperdal to be taken twice daily.

6.     That on January 15, 2007, Defendant, C. JOHNSON, recorded on the discharge/transfer medication reconciliation form the medication order as Risperdal 5 mg. twice daily

7.  That at all times relevant herein there was a duty on the part of the Defendant, C. JOHNSON, to render hospital and medical services consistent with the medical requirements of the patients therein, and not to negligently cause injuries to said patients, including Plaintiff's decedent.

8.  That on or about January 15, 2007, Defendant, C. JOHNSON, violated her duty to Plaintiff's Decedent by committing the following acts and/or omissions:

    a.  failed to record the correct dosage of medication on the Plaintiff's Decedent's medical records, chart and/or transfer notes;

    b.  failed to record the correct dosage of medication on the Plaintiff's Decedent's discharge/transfer medication reconciliation;

    c.  allowed the administration of drugs and other treatment which were contraindicated that led to her physical deterioration;

    d.  failed to review medication orders that led to her physical deterioration;

    e.  failed to review transfer notes which referred to the medication dosage that led to her physical deterioration;

9.  That as a direct and proximate result of Defendant's violation of her duty as aforesaid, Plaintiff's Decedent, PEARLIE MAE PADGETT, received 5 mg. of Risperdal, twice daily, from January 16, 2007, through January 25, 2007, said overdosage of medication leading directly to her death on February 4, 2007.

10.  That as a direct and proximate result of the aforesaid, Plaintiff's Decedent suffered serious injuries of a personal and pecuniary nature including but not limited to great pain and suffering, medical expenses, and her family incurred funeral expenses.

11.  That Plaintiff, JULIE PADGETT was appointed Special Administrator of the Estate of PEARLIE MAE PADGETT by the Circuit Court of Cook County, Illinois.

12.  That a cause of action for Wrongful Death under 740 ILCS 180/1 has accrued to the estate of the deceased, PEARLIE MAE PADGETT, for the benefit of her heirs suffering pecuniary loss and all other damages allowed for under said statute.

13.  That pursuant to the Illinois Code of Civil Procedure, the affidavit of the attorney for the Plaintiff is attached hereto as Exhibit A).

WHEREFORE, Plaintiff, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased, prays for judgment against Defendant, C. JOHNSON, Individually and as agent, servant and/or employee of PALOS COMMUNITY HOSPITAL, an Illinois Corporation, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for such relief as this court deems just.

## COUNT VII

### SURVIVAL ACT vs. MOHAMMAD A. RAZZAQUE, M.D.

NOW COME the Plaintiffs, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased, by and through the LAW OFFICES OF STEVEN J. MALMAN & ASSOCIATES, P.C., and for its complaint against the Defendant, MOHAMMAD A. RAZZAQUE, M.D., and pleading both in the alternative and hypothetical, states as follows:

1.     That on or about January 15, 2007 and at all times material, Defendant, MOHAMMAD A. RAZZAQUE, M.D. was a physician licensed to practice medicine within the State of Illinois.

2.     That on or about January 15, 2007, Defendant, MOHAMMAD A. RAZZAQUE, M.D., cared for and provided medical treatment to the Plaintiff's Decedent at Manorcare at Palos Heights West as her attending physician.

3.     That from January 10, 2007 to January 15, 2007, Defendant, MOHAMMAD A. RAZZAQUE, M.D., cared for and provided medical treatment to the Plaintiff's Decedent at Palos Community Hospital as her attending physician.

4.     That on or about January 15, 2007, Plaintiff's Decedent, PEARLIE MAE PADGETT, was a person residing in and receiving personal care at Manorcare at Palos Heights West located at 11860 Southwest Highway in the City of Palos Heights, County of Cook, State of Illinois.

5.     That on January 15, 2007, Defendant, MOHAMMAD A. RAZZAQUE, M.D, ordered medication for the Plaintiff's Decedent including .5 mg. of Risperdal to be taken twice daily.

6.   That on January 15, 2007, an employee of Palos Community Hospital specifically, C. JOHNSON, recorded on the discharge/transfer medication reconciliation form the medication order as Risperdal 5 mg. twice daily

7.   That on or about January 17, 2007, Defendant, MOHAMMAD A. RAZZAQUE, M.D., as the Plaintiff's Decedent's physician evaluated the Plaintiff's Decedent at Manorcare at Palos Heights West.

8.   That on or about January 17, 2007, Defendant, MOHAMMAD A. RAZZAQUE, M.D., failed to discover that the Plaintiff's Decedent was receiving 5 mg. twice daily or Risperdal instead of .5 mg. twice daily.

9.   That at all times relevant herein there was a duty on the part of the Defendant, MOHAMMAD A. RAZZAQUE, M.D., had a duty to possess and apply the knowledge of a reasonably well-qualified licensed physician under the same or similar circumstances in his care and treatment of Plaintiffs' Decedent.

10.   That on or about January 15, 2007, Defendant, MOHAMMAD A. RAZZAQUE, M.D., violated his duty to Plaintiff's Decedent by committing the following acts and/or omissions:

    a.   failed to provide adequate medical care that led to her physical deterioration;

    b.   failed to recognize and/or become aware of the incorrect dosage of medication that was on the Plaintiff's Decedent's medical records, chart and/or transfer notes;

    c.   failed to record the correct dosage of medication on the Plaintiff's Decedent's medical records, chart and/or transfer notes;

    d.   failed to properly monitor the dosage of medicine that was being used by Plaintiff's Decedent;

    e.   administered drugs and other treatment which were contraindicated that led to her physical deterioration;

    f.   failed to obtain an adequate history that led to her physical deterioration;

    g.   failed to review medication orders that led to her physical deterioration;

h.  failed to review transfer notes which referred to the medication dosage that led to her physical deterioration;

i.  failed to monitor appropriate antipsychotic medications and dosages that led to her physical deterioration;

j.  failed to obtain needed consultations that led to her physical deterioration;

k.  provided her with an overdose of medication which led to her physical deterioration;

11.  That as a direct and proximate result of Defendant's violation of his duty as aforesaid, Plaintiff's Decedent, PEARLIE MAE PADGETT, received 5 mg. of Risperdal, twice daily, from January 16, 2007, through January 25, 2007, said overdosage of medication leading directly to her deteriorating physical condition.

12.  That as a direct and proximate result of the aforesaid, Plaintiff's Decedent suffered serious injuries of a personal and pecuniary nature including but not limited to great pain and suffering, medical expenses.

13.  That Plaintiff, JULIE PADGETT was appointed Special Administrator of the Estate of PEARLIE MAE PADGETT by the Circuit Court of Cook County, Illinois.

14.  That Plaintiff, JULIE PADGETT, brings this cause of action on behalf of the Estate of PEARLIE MAE PADGETT, Deceased, pursuant to 755 ILCS 5/27-6, commonly known as the Survival Act of Illinois.

15.  That pursuant to the Illinois Code of Civil Procedure, the affidavit of the attorney for the Plaintiff is attached hereto as Exhibit A).

WHEREFORE, Plaintiff, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased, prays for judgment against Defendant, MOHAMMAD A. RAZZAQUE, M.D., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for such relief as this court deems just.

## COUNT VIII

### WRONGFUL DEATH ACT vs. MOHAMMAD A. RAZZAQUE, M.D.

NOW COME the Plaintiffs, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased, by and through the LAW OFFICES OF

STEVEN J. MALMAN & ASSOCIATES, P.C., and for its complaint against the Defendant, MOHAMMAD A. RAZZAQUE, M.D., and pleading both in the alternative and hypothetical, states as follows:

1.      That on or about January 15, 2007 and at all times material, Defendant, MOHAMMAD A. RAZZAQUE, M.D. was a physician licensed to practice medicine within the State of Illinois.

2.      That on or about January 15, 2007, Defendant, MOHAMMAD A. RAZZAQUE, M.D., cared for and provided medical treatment to the Plaintiff's Decedent at Manorcare at Palos Heights West as her attending physician.

3.      That from January 10, 2007 to January 15, 2007, Defendant, MOHAMMAD A. RAZZAQUE, M.D., cared for and provided medical treatment to the Plaintiff's decedent at Palos Community Hospital as her attending physician.

4.      That on or about January 15, 2007, Plaintiff's Decedent, PEARLIE MAE PADGETT, was a person residing in and receiving personal care at Manorcare at Palos Heights West located at 11860 Southwest Highway in the City of Palos Heights, County of Cook, State of Illinois.

5.      That on January 15, 2007, Defendant, MOHAMMAD A. RAZZAQUE, M.D, ordered medication for the Plaintiff's Decedent including .5 mg. of Risperdal to be taken twice daily.

6.      That on January 15, 2007, an employee of Palos Community Hospital specifically, C. JOHNSON, recorded on the discharge/transfer medication reconciliation form the medication order as Risperdal 5 mg. twice daily

7.      That on or about January 17, 2007, Defendant, MOHAMMAD A. RAZZAQUE, M.D., as Plaintiff's Decedent's physician evaluated the plaintiff at MANORCARE AT PALOS HEIGHTS WEST.

8.      That on or about January 17, 2007, Defendant, MOHAMMAD A. RAZZAQUE, M.D., failed to discover that the Plaintiff's Decedent was receiving 5 mg. twice daily or Risperdal instead of .5 mg. twice daily.

9.      That at all times relevant herein there was a duty on the part of the Defendant, MOHAMMAD A. RAZZAQUE, M.D., had a duty to possess and apply the

knowledge of a reasonably well-qualified licensed physician under the same or similar circumstances in his care and treatment of Plaintiffs' Decedent.

10.     That on or about January 15, 2007, Defendant, MOHAMMAD A. RAZZAQUE, M.D., violated his duty to Plaintiff's Decedent by committing the following acts and/or omissions:

> a.  failed to provide adequate medical care that led to her physical deterioration;
>
> b.  failed to recognize and/or become aware of the incorrect dosage of medication that was on the Plaintiff's Decedent's medical records, chart and/or transfer notes;
>
> c.  failed to record the correct dosage of medication on the Plaintiff's Decedent's medical records, chart and/or transfer notes;
>
> d.  failed to properly monitor the dosage of medicine that was being used by Plaintiff's Decedent;
>
> e.  administered drugs and other treatment which were contraindicated that led to her physical deterioration;
>
> f.  failed to obtain an adequate history that led to her physical deterioration;
>
> g.  failed to review medication orders that led to her physical deterioration;
>
> h.  failed to review transfer notes which referred to the medication dosage that led to her physical deterioration;
>
> i.  failed to monitor appropriate antipsychotic medications and dosages that led to her physical deterioration;
>
> j.  failed to obtain needed consultations that led to her physical deterioration;
>
> k.  provided her with an overdose of medication which led to her physical deterioration;

11.     That as a direct and proximate result of Defendant's violation of his duty as aforesaid, Plaintiff's Decedent, PEARLIE MAE PADGETT, received 5 mg. of Risperdal, twice daily, from January 16, 2007, through January 25, 2007, said overdosage of medication leading directly to her death on February 4, 2007.

12.     That as a direct and proximate result of the aforesaid, Plaintiff's Decedent suffered serious injuries of a personal and pecuniary nature including but not limited to great pain and suffering, medical expenses, and her family incurred funeral expenses.

13.     That Plaintiff, JULIE PADGETT was appointed Special Administrator of the Estate of PEARLIE MAE PADGETT by the Circuit Court of Cook County, Illinois.

14.     That a cause of action for Wrongful Death under 740 ILCS 180/1 has accrued to the estate of the deceased, PEARLIE MAE PADGETT, for the benefit of her heirs suffering pecuniary loss and all other damages allowed for under said statute.

15.     That pursuant to the Illinois Code of Civil Procedure, the affidavit of the attorney for the Plaintiff is attached hereto as Exhibit A.

WHEREFORE, Plaintiff, JULIE PADGETT, as Special Administrator of the Estate of PEARLIE MAE PADGETT, Deceased, prays for judgment against Defendant, MOHAMMAD A. RAZZAQUE, M.D., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and for such relief as this court deems just.

Respectfully Submitted,

**s/ Steven J. Malman**
Steven J. Malman Bar Number 6207944
Attorney for Plaintiff
Law Offices of Steven J. Malman
& Associates, P.C.
205 W. Randolph St., Suite 1040
Chicago, Illinois 60606
Telephone: (312) 629-0099
Fax: (312) 629-1188
Email: malmanlaw@yahoo